IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREW W. GARBAN**, *et al.*, | : | CIVIL ACTION NO. 4:14-CV-891 |
| **Plaintiffs**, | : | (Chief Judge Conner) |
| v. | : | |
| **UNITED STATES OF AMERICA**, | : | |
| **Defendant** | : | |

## **MEMORANDUM**

Presently before the court is plaintiffs' motion (Doc. 3) to remand the instant action to the Centre County Court of Common Pleas due to a defect in the removal process. For the reasons that follow, the court will deny the motion.

### I. Factual Background and Procedural History

Plaintiffs filed the instant action in the Centre County Court of Common Pleas on January 31, 2014. (See Doc. 3-5, Ex. A). This suit seeks a declaration that a foreclosure sale discharged federal tax liens pursuant to 28 U.S.C. § 2410. (Id.)

The United States Attorney's Office for the Middle District of Pennsylvania ("USAO") was served with the complaint on February 21, 2014. (See Doc. 3-6, Ex. B). On March 19, 2014, plaintiffs served the USAO with a notice of praecipe to enter judgment by default. (See Doc. 3-7, Ex. C). On April 14, 2014, plaintiffs filed a motion for default judgment. (See Doc. 3-8, Ex. D).

The United States removed the action to this court on May 8, 2014, pursuant to 28 U.S.C. § 1442 and § 1444. (See Doc. 1; Doc. 3-9, Ex. E). Plaintiffs filed the instant motion to remand on May 15, 2014, alleging that defendant's removal of this

action was untimely pursuant to 28 U.S.C. § 1446(b). (Doc. 3). The motion is fully briefed and ripe for disposition.

## II.   Discussion

Plaintiffs assert that the court should remand this action to state court due to defendant's untimely removal. See PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993) ("Cases may be remanded under [28 U.S.C. § 1447(c)] for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure."). 28 U.S.C. § 1446(b) states that a notice of removal may only be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .." The Supreme Court has determined that, pursuant to § 1446(b), "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999). Mere notice of the action is not sufficient for the removal period to commence; rather, defendant must also be "brought under a court's authority, by formal process." Id. at 347.

Plaintiffs allege that because defendant received plaintiff's complaint on February 21, 2014, defendant was required to file a notice of removal no later than March 24, 2014. (Doc. 4 at 2). Defendant responds that it was never properly served, and thus the time period for filing a notice of removal was never triggered.

In state court actions involving federal tax liens, the United States must be served by "serving the process of the court with a copy of the complaint upon the United States attorney for the district in which the action brought . . . and by sending copies of the process and complaint, by registered mail, or by certified mail, to the Attorney General of the United States at Washington, District of Columbia." 28 U.S.C. § 2410(b); see also FED. R. CIV. P. 4(i)(1) (providing that, to properly serve the United States, a party must send a copy of the summons and complaint to the United States Attorney General in addition to delivering a copy of each to the district United States Attorney's Office). It is clear from the record that plaintiffs did not send copies of the process and complaint to the United States Attorney General. Thus, the 30-day time period for removal to federal court never commenced and the defendant's removal to this court was premature.

In a non-precedential opinion, the Third Circuit declined to remand a case to state court despite this same defect of premature removal. See Calhoun v. Murray, 507 F. App'x 251, at *259-60 (3d Cir. 2012). In Calhoun, defendants removed the action to federal court pursuant to the federal officer removal statute, 28 U.S.C. § 1442. Id. The court deemed the removal premature because the plaintiff "failed to perfect service upon the defendants" pursuant to Federal Rule of Civil Procedure 4(i)(1). Id. However, the Third Circuit declined to remand, reasoning that, unlike the general removal statute, 28 U.S.C. § 1441, the federal officer removal statute "should be broadly construed in favor of a federal forum." Id. at *260 (citing Sun Buick, Inc. v. Saab Cars USA, Inc., 26 F.3d 1259, 1262 (3d Cir. 1994); Willingham v.

3

Morgan, 395 U.S. 402, 407 (1969)). The court explained that it would be a waste of judicial resources to "remand to the state court for [plaintiff] to formally perfect service so that the defendants can properly remove the case to the District Court." Id.

Similarly, defendant removed this case to federal court pursuant to 28 U.S.C. § 1442 and § 1444. (See Doc. 1 at 2-3). This action is filed against an agency of the United States acting in connection with the collection of federal revenue. It is inherently federal in nature and is best suited for a federal forum. Moreover, it would be a waste of judicial resources to remand to state court only for defendant to re-remove the case to this court once defendant has been properly served.

## III. Conclusion

For the foregoing reasons, the court will deny plaintiffs' motion (Doc. 3) to remand. An appropriate order follows.

        /S/ CHRISTOPHER C. CONNER
        Christopher C. Conner, Chief Judge
        United States District Court
        Middle District of Pennsylvania

Dated:     June 16, 2014